IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| v. | ) | Criminal Nos.: | 1:15-CR-102-CB-4 |
| | | | 1:15-CR-179-CG-4 |
| XIAOBING CHEN, | ) | | |
| Defendant. | ) | | |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

COMES NOW Defendant Xiaobing Chen, through counsel, to state his positon with respect to the Presentence Investigation Report prepared by the U.S. Probate Office.

Initially, Xiaobing Chen presents that certain aspect and representations presented in the Offense Conduct relate to matters that predate his assignment to the SB in Australia on or about August 25, 2014.

The PSI at paragraph 55 correctly states that Xiaobing Chen is in good health and has never been hospitalized. However, as will be described more fully in a collaterally submitted Sentencing Memorandum, at 9 years old he was struck with Guillian-Barre Syndrome which caused paralysis in both arms and legs. He was two years in treatment and rehabilitation.

The PSI at paragraphs 59 and 64 correctly state Xiaobing Chen's current employment period with DSD Shipping. His salary is stated as $7,500.00 per month which is correct for the contract period while at sea. His contracts are generally industry standard with 3 months at sea followed by 3 months at home. During 2 of the months at home he receives only his base pay at $2,033.00 per month. He receives no compensation for 1 of the months at home between contracts. It should also be noted that all financial compensation from DSD Shipping is expected to end at sentencing.

The PSI at paragraph 65 correctly reflects that counsel is retained rather than appointed pursuant to the CJA. However, cost of counsel was paid by DSD Shipping as related to his employment.

Xiaobing Chen does not object that the counts of conviction are closely related and properly grouped pursuant to 3D1.2.  The Base Offense Level is 14, Obstruction of Justice.  Aiding and Abetting is the same offense level as the underlying offense, 2X2.1 USSG.

Defendant does object to the proposed 2 level enhancement at paragraph 37 of the PSI, Specific Offense Characteristic.  This is referenced to the false Oil Record Book and Garbage Record Book maintained by the Chief Engineer and Chief Officer, respectively.  The trial record was clear that Xiaobing Chen was not in the chain of responsibility for collecting or reviewing data to be logged in either both nor did he have any implied or actual control over the books.  Xiaobing Chen was without knowledge of any entry into either the Oil Record Book or Garbage Record Book.  There should be no enhancement pursuant to 2J1.1(b)(3)(A).

Defendant further objects to the proposed 3 level Aggravating Role adjustment for role in the offense pursuant to USSG 3B1.1(a), as a manager or supervisor of criminal activity involved in 5 or more participants.

The evidence at trial revealed support for consideration, as to the alleged criminal conduct, that Xiaobing Chen exercised authority over culpable participants.  The section 3B1.1 adjustment addresses concerns about relative responsibility.  In this case, the usual factors of consideration are difficult to apply as there was no profit motive nor did the conduct present a greater danger to the public and assumes that managers are more likely to recidivate.  See commentary at <u>Background.</u>

Xiaobing Chen submits that the proper offense level is 14 without enhancements suggested in the PreSentence Report prepared by the U.S. Probation Office.  At Criminal History I, this would require a United States Sentencing Guideline range of 15-21 months, if the Guidelines were to be applied.

As this Honorable Court is aware, the Sentencing Guidelines are advisory, <u>U.S. Booker</u>, 543 U.S. 220 (2005).  We submit that for valid reasons, this Honorable Court should vary from the United States Sentencing Guidelines and sentence Xiaobing Chen to a noncusodial or probationary sentence with a sole condition of probation that he be voluntarily repatriated immediately to his home country, the People's Republic of China, at no cost to the U.S. Government and with no re-entry for any term set by the Court.

The requested variance to a sentence of probation would achieve a sentence that is "sufficient but not greater than necessary," 18 U.S.C. 3553(a), to achieve the goals of sentencing.

Counsel for Defendant has communicated with the U.S. Probation Office and with opposing counsel concerning Defendant's position on the application of the United States Sentencing Guidelines and on the issue of variance from the United States

Sentencing Guidelines in a good faith effort to reach agreement on the matters. Argument regarding that issue should not add significant time to that already allocated by this Court for the sentencing hearing.

             Respectfully submitted,

             /s/ James M. Scroggins
             JAMES M. SCROGGINS, P.C.
             JAMES M. SCROGGINS, ESQ. (SCROJ3672)
             Attorney for Defendant
             Post Office Box 1678
             Daphne, Alabama 36526
             (251)626-7725
             jamesmscroggins@bellsouth.net

### CERTIFICATE OF SERVICE

 I hereby certify that on March 24, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Movant and all other parties who have enrolled for electronic notification.

             /s/ James M. Scroggins
             JAMES M. SCROGGINS