IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| v. | ) | Criminal Nos.: | 1:15-CR-102-CB-4 |
| | | | 1:15-CR-179-CG-4 |
| XIAOBING CHEN, | ) | | |
| Defendant. | ) | | |

**MEMORANDUM ON SENTENCING WITH EXHIBITS**

    This Memorandum addresses the factors stated in 18 USC §3553(a) and the relation of those factors to the USSG as they meet in this particular case. Xiaobing Chen suggests that this Honorable Court consider his previous productive history growing up in a poor province in central China; recovering from a severe childhood illness; excelling as a student; maintaining employment and being a faithful husband and father to his now 4 year old daughter. Further consideration should go to the effect of these felony convictions on future livelihood and the absolute lack of probability of further criminal conduct.

    As Your Honor is aware, the Supreme Court has repeatedly stressed that a district court cannot and must not presume that a sentence within the applicable guidelines range is reasonable. See Nelson v. United States, 129 S.Ct. 890, 892 (2009); Rita v. United States, 551 U.S. 338, 351 (2007); Gall v. United States, 552 S.Ct. 38, 50 (2007). Rather, as the Supreme Court has explained, the guidelines are only "one factor among several courts must consider in determining an appropriate sentence" that is compliant with "§3553(a)(2)," Kimbrough v. United States, 552 U.S. 85, 90, 111 (2007).

    Considering United States v. Hunt, 459 F.3d 1180 (11th Cir. 2006), the Court should construct an appropriate sentence which weighs not only the guidelines, but especially the history and characteristics of this defendant along with the nature and circumstances of the offense. Xiaobing Chen submits that in his case, these factors outweigh the necessity of imposing a sentence within the guidelines which provides a sentence range of 30-37 months. Xiaobing Chen proffers to this Honorable Court that under all the facts and circumstances of this case, a noncustodial/probationary sentence with immediate repatriation, without cost to the Federal Government, to his home country of China is both reasonable and appropriate.

18 USC §3553(a) requires a sentencing judge to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this subsection." Subsection (2) states that such purpose, are: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correction treatment in the most effective manner;". A non-custodial sentence is appropriate and reasonable under the circumstances of this case, Xiaobing Chen's personal history, and his conduct while on release as restricted by Court Order. A non-custodial sentence would meet the requirements of sentencing needs expressed in 18 USC §3553(a)(2).

On or about November 12, 2014, Xiaobing Chen was paroled pursuant to an agreement between the Government and his employer, DSD Shipping. This agreement allowed the company's oil tanker to leave the port of Mobile while restricting certain crew members to the area.

Following the return of the Indictments in this cause, a formal Order Setting Conditions of Release was signed by Magistrate Judge Bivins. This Order provided further additional conditions such as reporting to the U.S. Probation Office when directed; surrendering passport; refraining from possessing any dangerous weapons; travel restrictions to the Southern District of Alabama; and to report any contact with law enforcement personnel.

Xiaobing Chen has violated none of the terms of the parole agreement or the conditions of his release on personal recognizance. For the entire term of his Southern District restriction, Chen has resided in a single room unit within the Candlewood Suites across from the federal courthouse in Mobile. His movement has been restricted by the boundaries of the Southern District of Alabama.

This case presents unique sentencing issues. Xiaobing Chen is a Chinese national with no family, social or economic ties to the United States. He had no previous experience on the oil tanker Stavanger Blossom having only embarked to the ship August 25, 2014 in Australia. Port was made in Mobile, Alabama on or about November 12, 2014. Since that time, he has been travel restricted and his passport in the custody of a third party, either the shipping agent or Clerk of Court. Xiaobing Chen is not fluent in English. Although he reads and writes the English language with some confidence, his verbal skills are poor in conversations related to engineering topics. This communication barrier makes his living experience difficult.

The major personal infirmity regarding his now almost 16 month travel restriction is the isolation from his wife, 4 year old daughter, and his elderly mother. It is difficult to

express the degree of emotional loss Xiaobing Chen has experienced by not being with his family to share birthdays, anniversaries and holidays that have centuries of historical significance.

Xiaobing Chen was convicted of 5 of 10 charged felonies. As a convicted felon, he will suffer similar disabilities in China as he would if he were a convicted U.S. Citizen. Without doubt his career as a marine engineer is over. Period. Disabilities that may be imposed by the Chinese Government or local authority are unknown. Subsistence payments from DSD Shipping are expected to end shortly after sentencing. As a result of these convictions, his ability to contribute, along with his wife, to provide for their family will be impaired.

It is submitted that the pre and post trial travel restrictions and the disabilities inherent as a result of felony convictions are punishments that this Honorable Court should consider in determining a reasonable and appropriate sentence.

The facts of this case do not demand incarceration. Incarceration will not contribute significantly to the needs expressed in 18 USC §3553 (a)(2). Xiaobing Chen has no criminal history. He does have a history of hard work, achievement and scholarship. His personal and professional conduct has been without blemish prior to these indictments. One of the exhibits to this Memo is a personal letter prepared by the Defendant reflecting on his life and his aspirations. A non-custodial sentence is both reasonable and appropriate in this case. It is further suggested that a monetary fine (other than the statutory per court assessment) should not be a part of a reasonable sentence in this case based upon the uncertainty of his future income. Any fine imposed would only be hardship upon is wife and extended family. It should also be noted as a collateral matter that as noted in the Federal Register, Vol. 80, No. 45, p. 12 (12523, 3/9/15), the average cost of incarceration of a federal inmate in Fiscal Year 2014 was $30,619.85 ($83.89 per day).

Xiaobing Chen requests that the Court, in compliance with 18 U.S.C. §3553(a), Sentencing Factors and Procedures, impose a sentence which considers the totality of the case and mitigation factors within the nature and circumstance of the offense and the characteristics of the defendant which warrant a variance from the United States Sentencing Guidelines. Counsel suggests that an appropriate sentence would require immediate payment of $500.00 to the Clerk of Court ($100.00 per count of conviction), immediate repatriation to the Republic of China at no cost to the U.S. Government and prohibition of re-entry for a term to be set by the Court. Such a sentence would reflect the seriousness of the offense while promoting respect for the law and providing just punishment; would deter future criminal conduct; and provide adequate protection to the public from further illegal conduct of the Defendant.

The requested variance to a sentence of probation, rather than guideline based incarceration, would achieve a sentence that is "sufficient but not greater than necessary", 18 U.S.C. §3553(a), to achieve the goals of sentencing.

Xiaobing Chen prays that this Honorable Court impose a non-custodial probation sentence as such a sentence is reasonable under the circumstances of this case and that anything greater, especially incarceration, would be a sentence greater than necessary to accomplish the mandate of 18 USC §3553.

Respectfully submitted,

/s/ James M. Scroggins
JAMES M. SCROGGINS, P.C.
JAMES M. SCROGGINS, ESQ. (SCROJ3672)
Attorney for Defendant
Post Office Box 1678
Daphne, Alabama 36526
(251)626-7725
jamesmscroggins@bellsouth.net

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Movant and all other parties who have enrolled for electronic notification.

/s/ James M. Scroggins
JAMES M. SCROGGINS